UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN P. PAUL, JR,

        Plaintiff/Counter-Defendant,

Case. No. 13-14256-LPZ
Hon. Lawrence P. Zatkoff

v.

DETROIT EDISON CO.,

        Defendant,

MICHIGAN CONSOLIDATED GAS
COMPANY PENSION PLAN.

        Defendants/Counter-Plaintiff.

_____/

| John P. Paul, Jr., *in pro per*<br>20859 Thorofare<br>Grosse Ile, Michigan 48138<br>(734) 671-6071 | MCDONALD HOPKINS PLC<br>Timothy J. Lowe (P68669)<br>39533 Woodward Avenue, Ste. 318<br>Bloomfield Hills, MI 48304<br>(248) 220-1359<br>**Attorney for Defendant** |
|---|---|

_____/

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO AMEND ORIGINAL COMPLAINT**

{4567545:2}

## Introduction

In response to Defendants' answer and counterclaim, John P. Paul Jr. ("Paul") requested permission to amend his original complaint to add a claim based on the early retirement reduction factor applied to the pension benefits he is receiving. This is the first time Mr. Paul has raised any such claim, despite multiple communications with DTE regarding his pension in 2011 and 2012. Granting Mr. Paul's request would be futile because Mr. Paul failed to exhaust his administrative remedies under the Michigan Consolidated Gas Company Retirement Plan for Employees Covered by Collective Bargaining Agreements n/k/a DTE Gas Company Retirement Plan for Employees Covered by Collective Bargaining Agreements (the "Plan"). Without exhausting his remedies under the Plan regarding his complaint with the early retirement reduction factor, Mr. Paul is prohibited from bringing that claim at this time.

## Statement of Facts

On September 11, 2013, Mr. Paul filed his Complaint against defendants, Detroit Edison Co. n/k/a DTE Electric Company ("DTE") and the Plan (together, DTE and the Plan may be referred to as "Defendants") ("Complaint"). In his Complaint, Mr. Paul alleged that a retirement agreement was modified without his consent and that provisions in a labor agreement were violated. Nowhere in his Complaint did Mr. Paul bring claims regarding the early

retirement reduction factor. Despite multiple communications with DTE in 2011 and 2012 regarding his pension benefits, Mr. Paul has never raised such a claim, and the administrative record is devoid of any reference to this new claim.

## Argument

### A. Legal Standard

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading with the "opposing party's written consent or the court's leave." The appropriate factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). Whether or not to grant a motion for leave to file an amended complaint is within the court's discretion. *Park West Galleries, Inc. v. Hochman*, 2009 WL 2392790 (ED Mich Aug. 2009). Here, Mr. Paul's request for leave to amend his Complaint is futile because Mr. Paul failed to exhaust his administrative remedies regarding his new claim. Mr. Paul's motion should be denied.

B. **Mr. Paul Failed to Exhaust His Administrative Remedies**.

Mr. Paul's claim is premature because he has not exhausted his administrative remedies under the Plan. "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991); *see also Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821 (1st Cir. 1988); *Springer v. Wal-Mart Associates Group Health Plan*, 908 F.2d 897 (11th Cir. 1990); *Borman v. Great Atlantic & Pacific Tea Co., Inc.*, 64 Fed.Appx. 524 (6th Cir. 2003). Here, Mr. Paul failed to exhaust his administrative remedies under the Plan regarding any claims related to the early retirement reduction factor. Accordingly, his claim for those benefits under the Plan should be dismissed.

With respect to his original Complaint, Mr. Paul *did* exhaust the Plan's claims and appeals procedures before filing a lawsuit. Mr. Paul's proposed additional claim, however, had never seen the light of day until he filed his request to amend his Complaint. Mr. Paul is required by the terms of the Plan and ERISA to exhaust the Plan's claims and appeals procedures before filing a lawsuit.

The Plan clearly states that a claimant must exhaust the Plan's claims and appeals procedure before brining any legal action, and Plan participants are

{4567545:2} 4

notified of this required in the Summary Plan Description.. **Ex. A**, Summary Plan Description at 70.  As required by Section 503 of ERISA, the Plan has an internal claims and appeals procedure that participants, like Mr. Paul, must exhaust before they are permitted to pursue legal action against the Plan.  Under the Plan's claims and appeals procedures, a participant is treated as filing a claim for benefits if the participant disagrees in writing with the determination made on the application for benefits.  If the participant's claim is denied on appeal, the participant will then be permitted to bring a civil action under Section 502 of ERISA regarding the claim for Plan benefits.  However, under the Plan, the participant cannot bring any legal action against the Plan until the participant has exhausted the Plan's administrative claims and appeals procedures.

Mr. Paul failed to file any written claim regarding the early retirement reduction factor with the Plan Administrator.  Mr. Paul completely failed to utilize the Plan's internal appeals procedures with respect to that claim before filing this lawsuit, even though they are clearly stated in the Plan.  The Sixth Circuit has interpreted ERISA as requiring a claimant to exhaust all administrative remedies before the claimant files a lawsuit.  Because Mr. Paul has failed to exhaust his administrative remedies, his request to amend his original Complaint fails for want to comply with the Plan, and should be denied.

## Conclusion

For the reasons stated above, Defendants respectfully request that this Court deny Mr. Paul's request to amend his original Complaint.

Respectfully submitted,

**McDONALD HOPKINS PLC**


By: /s/Timothy J. Lowe
   Timothy J. Lowe (P68669)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI  48304
(248) 220-1359
tlowe@mcdonaldhopkins.com
**Attorneys for Defendants**

Dated: November 14, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, I electronically filed the foregoing document using the ECF system and have served a copy upon John P. Paul, Jr., *in pro per*, 20859 Thorofare, Grosse Ile, MI 48138 via U.S. Mail.

Respectfully submitted,

**McDONALD HOPKINS PLC**


By: /s/Timothy J. Lowe_____
    Timothy J. Lowe (P68669)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
(248) 220-1359
tlowe@mcdonaldhopkins.com
**Attorneys for Defendants**

Dated: November 14, 2013

{4533287:}